## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**RICHARD L. GRAVELY,**

       **Plaintiff,**

**v.**                         **Case No.: 3:24-cv-00583**

**BRADY HINCHMAN,**

       **Defendant.**

### <u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>

Plaintiff, Richard L. Gravely, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant falsely arrested and imprisoned him for obstruction of law enforcement under W. Va. Code § 61-5-17(a). (ECF No. 2). Pending before the Court are Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Plaintiff's Motion for Evidentiary Hearing on Historical Disputed Factual Issues. (ECF Nos. 9, 13). This case is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Defendant's motion. (ECF No. 9). The undersigned **DENIES** Plaintiff's motion. (ECF No. 13).

# I.    Relevant History

## A. Complaint

On October 16, 2024, Plaintiff filed the instant complaint. (ECF No. 2). He asserts that, on November 21, 2022, Defendant, acting under the color of state law, handcuffed and arrested Plaintiff for "obstructing." (*Id.*). The next day, according to Plaintiff, a criminal complaint was filed to that effect, but the "unlawful complaint was dismissed" on May 22, 2023. (*Id.*). Plaintiff attached the dismissal order to his complaint. (ECF No. 2-1). Plaintiff claims that Defendant's actions violated his Fourth Amendment right against unlawful seizure of a person. (ECF No. 2). He reportedly suffered mental anguish and distress by being arrested and lodged in the Western Regional Jail on this "false charge" brought by Defendant. (*Id.*). Plaintiff asserts that the willful intentional acts of Defendant constituted false imprisonment, false arrest, and intentional infliction of emotional distress ("IIED"). (*Id.*). He claims that the record will show that he is entitled to compensatory damages, as well as punitive damages because the actions of Defendant reflected a malicious, intentional, willful, and reckless disregard of his rights. (*Id.*). He seeks $20,000.00 in compensatory damages and $100,000.00 in punitive damages. (*Id.*).

## B. Motion to Dismiss

Defendant moves to dismiss or, in the alternative, requests summary judgment in his favor. (ECF No. 9). Defendant argues (1) that he is entitled to qualified immunity on the § 1983 false arrest/imprisonment claim because he had probable cause to arrest Plaintiff for a criminal violation; (2) Plaintiff's state law false arrest/imprisonment claim fails as a matter of law because it was not filed within the one-year statute of limitations and because probable cause existed; and (3) Plaintiff's IIED claim should be dismissed

because Plaintiff does not plead sufficient facts to plausibly establish that Defendant's conduct was legally outrageous. (ECF No. 10).

Defendant attached to his motion the purported Criminal Complaint filed against Plaintiff on November 21, 2022, in the Magistrate Court of Cabell County, West Virginia bearing case number 22-M06M-04967. (ECF No. 9-1). In the document, Defendant attested that he was dispatched to an apartment building in response to an unknown problem. (*Id.*). Supposedly, an individual called and refused to provide any information, stating "just send the cops" and "[t]hey will find out when they get here." (*Id.*). Defendant asserted that he called for back-up, and Deputies Richmond and Bennett, accompanied him. (*Id.*). When they approached the apartment building, Plaintiff spoke to them, identifying himself as the person who called. (*Id.*). According to Defendant, the deputies asked Plaintiff what was happening, and he said, "come down here and find out." (*Id.*). Defendant claimed that Plaintiff then "bladed his body and reached into his coat pockets." (*Id.*). Thus, the deputies gained cover behind a vehicle and asked him to remove his hands from his pockets, walk to the deputies, and tell them what was going on. (*Id.*). Plaintiff refused, and he was placed at gunpoint and ordered to walk toward the deputies with his hands in the air. (*Id.*). Plaintiff repeated that he was the one that called but refused to say why. (*Id.*). After initially refusing to put his hands in the air, he complied, although he refused to move. (*Id.*). Defendant relocated to a different position to obtain a better angle and gained cover behind a vehicle. (*Id.*). A bystander was ordered out of the way, and Defendant again told Plaintiff to walk to him with his hands in the air. (*Id.*). Plaintiff walked from behind the vehicle with his hands in the air but would not walk to Defendant. (*Id.*). The deputies approached Plaintiff and handcuffed him. (*Id.*). Plaintiff advised that he had called over missing car keys. (*Id.*). He was arrested for obstruction under W. Va.

Code § 61-5-17(a). Defendant filed the criminal complaint. On November 22, 2022, the Cabell County Magistrate found probable cause for the alleged violation. (*Id*.).

In response to the motion to dismiss, Plaintiff asserts that "[n]ot once did he 'blade' his body, "whatever [that] means," nor was he "on a suicide mission by putting his hands in his pockets." (ECF No. 12 at 1, 4). He points to the fact that he called for Defendant's help to recover his keys; thus, he posits why would he be acting in such a manner when Defendant arrived? (*Id*. at 2). Plaintiff maintains that his conduct was not forcible, nor did he illegally interfere with Defendant's discharge of his official duty. (*Id*.). Therefore, according to Plaintiff, "[w]ith these facts viewed in the light most favorable to Plaintiff, the dispute of facts would preclude the finding that a reasonable officer in Defendant's position would have believed that probable cause existed for Plaintiff's arrest." (*Id*.). Further, Plaintiff indicates that his claim is timely because it was filed within two years. (*Id*. at 4).

In reply, Defendant asserts that, because a neutral detached magistrate found probable cause, Plaintiff can only overcome the state magistrate's finding that probable cause existed by coming forward with evidence that Defendant made false statements knowingly and intentionally or with reckless disregard for the truth. (ECF No. 14 at 3). Defendant contends that a person's refusal to follow an officer's lawful order issued to effectuate a law enforcement function can constitute obstruction. (*Id*.). He cites two cases in support. (*Id*.). Defendant repeats that the state law claim is untimely, and he notes that Plaintiff did not contest the arguments raised in the motion that the IIED claim fails as a matter of law. (*Id*. at 4-8).

## II.    **Standard of Review**

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atlantic*

*Corp v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that, to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). In resolving the motion, the Court must assume that the facts alleged in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). The Court also considers any exhibits attached to the complaint and documents explicitly incorporated by reference. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 428 (4th Cir. 2022) (citing *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016)).

    To be clear, the purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). However, while the Court "take[s] the facts in the light most favorable to the plaintiff, ... [the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts.,*

*Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

Courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

Summary judgment is proper under Fed. R. Civ. P. 56 when no genuine issue of material fact is in dispute, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material if it "might affect the outcome of the suit under the governing law," and a disputed issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The party moving for summary judgment bears the initial burden of showing an absence of evidence that demonstrates the existence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

If the moving party meets this burden, then the burden shifts to the nonmoving party, who "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322, n.3. The nonmoving party must do more than rely upon the allegations or the denial of allegations contained in his pleading to defeat a motion for summary judgment; instead, he must offer some "concrete evidence from which a reasonable juror could

6

return a verdict in his favor." *Anderson*, 477 U.S. at 256. Concrete evidence includes "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The court must not resolve disputed facts, nor weigh the evidence. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995). Instead, the court must accept as true the facts asserted by the nonmoving party and review the evidence "draw[ing] all justifiable inferences" in its favor. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991).

Even still, the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent entry of summary judgment. *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009), (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Thus, while any permissible inferences to be drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citation omitted).

## II.   <u>Discussion</u>

As an initial matter, the Court notes that Plaintiff purports to bring this action under 18 U.S.C. § 242, (ECF No. 2), which provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or

7

> immunities secured or protected by the Constitution or laws of the United
> States, or to different punishments, pains, or penalties, on account of such
> person being an alien, or by reason of his color, or race, than are prescribed
> for the punishment of citizens, shall be fined under this title or imprisoned
> not more than one year, or both; and if bodily injury results from the acts
> committed in violation of this section or if such acts include the use,
> attempted use, or threatened use of a dangerous weapon, explosives, or fire,
> shall be fined under this title or imprisoned not more than ten years, or
> both; and if death results from the acts committed in violation of this section
> or if such acts include kidnapping or an attempt to kidnap, aggravated
> sexual abuse, or an attempt to commit aggravated sexual abuse, or an
> attempt to kill, shall be fined under this title, or imprisoned for any term of
> years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242.

However, 18 U.S.C. § 242 does not confer a private cause of action. *Henderson v. Haynes*, No. 3:23-CV-583-FDW, 2024 WL 1184724, at *2 (W.D.N.C. Mar. 19, 2024). Plaintiff does not have standing to bring criminal charges against Defendant. *Id.* Rather, Plaintiff's claims are properly construed under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a judicial
> officer for an act or omission taken in such officer's judicial capacity [...]

42 U.S.C. § 1983.

Section 1983 is "not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and markings omitted). Section 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a

badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172 (1961). In order to maintain a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must show through factual allegations that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

### A. *Motion to Dismiss*

Two motions are presently before the Court. The undersigned first addresses the dispositive motion to dismiss before discussing Plaintiff's motion for a hearing.

### 1. False Arrest and Imprisonment Claims

### a. Qualified Immunity

Defendant asserts that he "is entitled to qualified immunity because a §1983 false arrest claim is premised upon the lack of probable cause, to which there are no factual allegations" and "a detached magistrate determined that probable cause existed to believe that Plaintiff committed the offense of obstructing an officer." (ECF No. 10 at 4-7). "Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Tolliver v. City of Dunbar*, No. 2:21-CV-00011, 2021 WL 5056081, at *5 (S.D.W. Va. Nov. 1, 2021) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Rish v. Johnson*, 131 F.3d 1092, 1095 (4th Cir. 1997).

False arrest and imprisonment claims are analyzed under the Fourth Amendment to the United States Constitution. "A seizure is unreasonable under the Fourth

9

Amendment if it is not based on probable cause," which "is determined by a totality-of-the-circumstances approach.'" *Id.* (citing *Dunaway v. New York*, 442 U.S. 200, 213 (1979) and *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017)). The probable cause inquiry "turns on two factors: the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." *Id.* (citation and markings omitted). "While courts look to the information available to the officer on the scene at the time, an objective test is applied to determine whether a reasonably prudent officer with that information would have thought that probable cause existed for the arrest." *Id.*

It bears mentioning that, although Plaintiff does not explicitly allege malicious prosecution, the substance of his *pro se* complaint indicates that it might have been his intention because he notes that the "unlawful complaint was dismissed" and attaches the dismissal order. (ECF Nos. 2 at 1, 2-1). "A plaintiff's claim for false arrest or false imprisonment ceases once plaintiff is detained pursuant to legal process, and at this point, plaintiff's claim becomes a claim of malicious prosecution. *See Wallace v. Kato*, 549 U.S. 384, 388-89 (2007) ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process -- when, for example, he is bound over by a magistrate or arraigned on charges ... Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process.") (internal citations omitted)." *Kessler v. Lewis*, No. CV 5:22-00551, 2024 WL 1474054, at *4 (S.D.W. Va. Feb. 15, 2024), *report and recommendation adopted,* No. 5:22-CV-551, 2024 WL 1469606 (S.D.W. Va. Apr. 4, 2024).

"[A] malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v. Williams*, 222 F.3d 257, 261 (4th Cir. 2000). "To state such a claim, the plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in the plaintiff's favor." *English v. Clarke*, 90 F.4th 636, 647 (4th Cir. 2023) (citing *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012)). The Supreme Court of the United States has clarified that the favorable termination element of a Fourth Amendment malicious prosecution claim only requires that the plaintiff show that the prosecution ended without a conviction. *Thompson v. Clark*, 596 U.S. 36, 39 (2022). In other words, no affirmative indication of innocence is required, such as an acquittal or finding of insufficient evidence. *Id*.

In any event, the distinction between whether Plaintiff brings a false arrest or malicious prosecution claim, or both, is of no consequence in this instance. Plaintiff's potential malicious prosecution claim is wholly derivative of the false arrest claim for qualified immunity purposes, which is premature at this point. *See, e.g., Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001). "While a defendant may assert a qualified immunity defense through a Rule 12(b)(6) motion, 'the defense faces a formidable hurdle' and 'is usually not successful.'" *Id*. (quoting *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 396 (4th Cir. 2014)). "[A]t this very early stage in the proceedings, dismissal under Rule 12(b)(6) is only appropriate if the plaintiff fails to state a claim that is *plausible* on its face." *Id*. (citation omitted).

Defendant attached to his motion to dismiss the criminal complaint that he filed against Plaintiff for obstruction, reciting his version of the facts. According to Defendant's

statements in the criminal complaint, Plaintiff repeatedly refused his commands and "bladed his body and reached into his coat pockets." (ECF No. 9-1 at 1). Plaintiff vehemently denies blading his body and reaching in his coat pockets. (ECF No. 12 at 4). There is a clear dispute regarding exactly what occurred, which would bear on whether Defendant had probable cause to charge Plaintiff with obstruction. Considering the motion to dismiss, the Court cannot construe Defendant's statements in the criminal complaint as true to support a finding that probable cause existed. *Kokinda v. Foster*, No. 3:21-CV-00154, 2024 WL 715962, at *3 (N.D.W. Va. Feb. 21, 2024).

Furthermore, Defendant claims that the state magistrate's probable cause finding, which came after Plaintiff's arrest, entitles him to qualified immunity from Plaintiff's false arrest claim. This is also incorrect because "[t]he post-arrest finding sheds no light on the reasonableness of [Defendant's] conduct based on the circumstances at the time of the arrest, unlike when officers act pursuant to an arrest warrant issued before an arrest." *Tartt v. Martin*, No. CV 1:22-00327, 2024 WL 3166953, at *7 (S.D.W. Va. June 25, 2024). Thus, the magistrate's finding of probable cause in the post-arrest criminal complaint does not entitle Defendant to qualified immunity. *Id.*

Finally, Defendant alternatively asks for the Court to award summary judgment in his favor. Summary judgment would be inappropriate at this stage given the fact that Plaintiff has not had the opportunity to conduct discovery. *See, e.g., Daniel v. Dean*, No. 3:23-CV-00712, 2025 WL 424726, at *3 (S.D.W. Va. Jan. 8, 2025), *report and recommendation adopted,* 2025 WL 422606 (S.D.W. Va. Feb. 6, 2025). "[T]he Court cannot consider those facts contained in the criminal complaint without converting Defendant's motion to dismiss into one for summary judgment." *Kokinda*, 2024 WL 715962, at *3. Thus, the Court should refrain from doing so. *Id.*

For all of the above reasons, the undersigned **FINDS** that Defendant has not shown at this point in the proceedings that he is entitled to qualified immunity. However, as explained below, Defendant need not establish that he is entitled to qualified immunity because Plaintiff's claims are untimely.

### b. Statute of Limitation

Defendant further argues that Plaintiff's state law false arrest/imprisonment claim is untimely and must be dismissed. (ECF No. 10 at 8). Defendant is correct that West Virginia's one-year statute of limitation bars Plaintiff's state false arrest and imprisonment claims to any extent that he raises them under state law. In fact, it bars his federal claims for false arrest/imprisonment as well.

There is no federally prescribed statute of limitation for § 1983 actions. *Daniel v. Dean*, No. 3:23-CV-00712, 2025 WL 424726, at *3 (S.D.W. Va. Jan. 8, 2025), *report and recommendation adopted,* 2025 WL 422606 (S.D.W. Va. Feb. 6, 2025) (citations and markings omitted). Thus, courts look to the respective state's statutes of limitation." *Id*. While the limitation period is governed by state law, the question of when a cause of action accrues is answered according to federal law. *Id*. Claims for false arrest and false imprisonment are subject to a one-year statute of limitation in West Virginia, which, under Federal law, accrues when the claimant is detained pursuant to the legal process. *Id*.

Plaintiff was arrested for obstruction on November 21, 2022. (ECF No. 2). The following day, the state magistrate found probable cause that he committed that crime. (ECF No. 9-1). Therefore, the one-year statute of limitation on his false arrest and imprisonment claims accrued in November 2022 and terminated in November 2023. Plaintiff did not file this action until October 2024. His false arrest and imprisonment

claims are untimely and must be dismissed as a matter of law. *Daniel v. Dean*, No. 3:23-CV-00712, 2025 WL 424726, at *3 (S.D.W. Va. Jan. 8, 2025), *report and recommendation adopted,* 2025 WL 422606 (S.D.W. Va. Feb. 6, 2025) (collecting cases); *Montgomery v. Reed*, No. CV 2:24-00149, 2024 WL 3876522, at *5–6 (S.D.W. Va. July 24, 2024), *report and recommendation adopted,* 2024 WL 3868242 (S.D.W. Va. Aug. 19, 2024) ("Accordingly, Plaintiff's false arrest claims against Defendant Reed should be dismissed because the one-year statute of limitations has run").

Further, to any extent that Plaintiff asserts malicious prosecution, such claim is likewise subject to a one-year statute of limitation, although the claim does not accrue until the criminal proceedings terminated in Plaintiff's favor. *Daniel*, 2025 WL 424726, at *4; *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994). Here, the dismissal order attached to Plaintiff's complaint indicates that the obstruction charge was dismissed on May 22, 2023. (ECF No. 2-1). As noted, Plaintiff did not file his complaint until October 16, 2024. Therefore, even if the Court were to liberally construe Plaintiff's complaint to allege a malicious prosecution claim, which Plaintiff does not explicitly raise, such claim must also be dismissed as untimely.

For those reasons, the undersigned **FINDS** that Plaintiff's false arrest and imprisonment, or alternatively, malicious prosecution, claims are untimely and must be dismissed.

### 2. Intentional Infliction of Emotional Distress

Defendant argues that Plaintiff's remaining intentional infliction of emotional distress (IIED) claim fails because he does not plead sufficient facts to plausibly establish that Defendant's conduct was legally outrageous. (ECF No. 10 at 9). "It is difficult to overstate the high burden of proof required to sustain a tort claim for intentional infliction

of emotional distress." *Pegg v. Herrnberger*, 845 F.3d 112, 122 (4th Cir. 2017). The plaintiff must show (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it. *Reese v. Hannah*, No. 2:23-CV-00805, 2024 WL 3607471, at *6 (S.D.W. Va. July 31, 2024) (citing Syl. Pt. 3, *Travis v. Alcon Lab'ys*, 504 S.E.2d 419 (W. Va. 1988)).

Simply arresting a person does not typically give rise to an IIED claim. "There is only liability 'where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Keyes v. Keyes*, 392 S.E.2d 693, 696 (W. Va. 1990)). For example, the United States Court of Appeals for the Fourth Circuit has dismissed IIED claims when an officer did not strike, kick, or verbally abuse an individual resisting arrest, and instead used no more force than necessary to subdue the individual." *Id.*

It is unlikely that Plaintiff states a claim for IIED because he does not appear to plead any outrageous conduct by Defendant. However, the Court need not conclusively resolve that issue because it should not exercise supplemental jurisdiction over Plaintiff's state law IIED claim. Under 28 U.S.C. § 1367(a), parties can append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims. *Shanaghan v. Cahill*, 58 F.3d 106, 109

(4th Cir. 1995). Thus, a federal court can exercise supplemental jurisdiction over a state law tort claim for IIED that is based on the same facts giving rise to the plaintiff's § 1983 claim. *Insco v. Wexford Health Sources, Inc.,* No. 2:19-CV-00612, 2020 WL 2770419, at *9 (S.D.W. Va. May 28, 2020).

There are no surviving federal claims at issue because Plaintiff's § 1983 claims are untimely. If a district court dismisses all claims over which it has original jurisdiction, it should decline to exercise supplemental jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice. *Williams v. Mitchell*, 122 F.4th 85, 92 (4th Cir. 2024). When the federal claims are dismissed, "federal law is not where the real action is." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 31–32 (2025). Thus, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Id*. The undersigned **FINDS** that the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and dismiss the IIED claim without prejudice.

### B. *Motion for Hearing*

Plaintiff asked for an evidentiary hearing before the undersigned issued this Proposed Findings and Recommendations because "genuine disputes about material facts cannot be resolved without live testimony, which would aid the Court in the truth-seeking process in this instant matter." (ECF No. 13). Nevertheless, the undersigned has not recommended converting the motion to dismiss to a motion for summary judgment and any disputed material facts are not pertinent to the aforementioned reasons that the case must be dismissed. The matter is adequately presented in the materials before the Court. The undersigned finds no grounds for an evidentiary hearing and **DENIES** Plaintiff's motion. (ECF No. 13).

IV.    **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that the Court **GRANT** Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 9). The undersigned **DENIES** Plaintiff's Motion for Evidentiary Hearing on Historical Disputed Factual Issues. (ECF No. 13).

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Reeder.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff and counsel of record.

**FILED**: June 30, 2025

Joseph K. Reeder
United States Magistrate Judge

18