IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD GRAVELY,

          Plaintiff,

v.                                  CIVIL ACTION NO.   3:24-00583

BRADY HINCHMAN,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

      This action was referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Proposed Findings and Recommendations (ECF No. 16) and recommends that the Court grant Defendant Brady Hinchman's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 9. Plaintiff, who is acting *pro se*, objects.

      As explained by the Magistrate Judge, Plaintiff alleges in his Complaint that Defendant, who was serving as a deputy with the Cabell County Sheriff's Office, violated his Fourth Amendment right against unlawful seizure of a person. *Compl.* at 1, ECF No. 2. Specifically, Plaintiff states that on November 21, 2022, Defendant unlawfully arrested him for "obstructing" and he was detained at the Western Regional Jail. Plaintiff states the criminal complaint lodged against him ultimately was dismissed on May 22, 2023. *Id*.

      On October 16, 2024, Plaintiff filed this action asserting that Defendant's actions "constitute false imprisonment, false arrest, and intentional infliction of emotional distress." *Id*.

Although Plaintiff filed his action as a violation of 18 U.S.C. § 242, the Magistrate Judge correctly found this section is a criminal statute that does not confer a private cause of action. *PF&R*, at 8. Therefore, the Magistrate Judge construed Plaintiff's claims under 42 U.S.C. § 1983 as a false arrest and imprisonment claim or as a malicious prosecution claim. *Id.* at 10.

As § 1983 claims do not have a federally prescribed statute of limitations, courts must look to the statute of limitations under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In this case, the Magistrate Judge did just that and found the statute of limitations for false arrest and imprisonment in West Virginia is one year. *PF&R*, at 13; *see Wilt v. State Auto. Mut. Ins. Co.,* 506 S.E.2d 608, 613 (1998) (stating that "[n]umerous torts such as . . . false arrest, false imprisonment, and malicious prosecution take the one-year statute of limitations set forth in West Virginia Code § 55-2-12(c)"); *Herbert J. Thomas Mem'l Hosp. Ass'n v. Nutter*, 795 S.E.2d 530, 545 (W. Va. 2016) (same). Likewise, the Magistrate Judge recognized that the same one-year statute of limitations applies even if these claims are construed as malicious prosecution. *Id*. at 14; *see Richards v. Walker*, 813 S.E.2d 923, 929 (W. Va. 2018) (applying the one-year statute of limitations for a claim of malicious prosecution); *Wilt*, 506 S.E.2d at 613 (recognizing the same). However, when the statute of limitations begins to run is a matter of federal law. *Wallace*, 549 U.S. at 388 (stating "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law" (italics original)).

Here, Plaintiff's false arrest and imprisonment claims arose in November 2022, when he was arrested and brought before the Magistrate Judge, who found probable cause Plaintiff committed a crime. *See Neal v. Varien*, Civ. Act. No. 3:24-00493, 2025 WL 973617, at *3 (S.D. W. Va. Mar. 31, 2025) ("The limitations period for Plaintiff's false arrest claim began when Plaintiff was arrested, and the false imprisonment claim accrued when he was detained pursuant

to legal process."); *see also Steinbergin v. City of New York*, No. 21-536, 2022 WL 1231709, at *2 (2d Cir. Apr. 27, 2022) ("Claims of false arrest and false imprisonment accrue against a plaintiff '"when legal process [i]s initiated against him."' (quoting *Wallace*, 549 U.S. at 390)). As this action was not filed until October 2024, the Magistrate Judge found these claims are time barred.

Additionally, to the extent Plaintiff has made a malicious prosecution claim, the statute of limitations began to run in May 2023 when the obstruction charge was dismissed. Thus, it too is barred by the one-year statute of limitations. *See McDonough v. Smith*, 588 U.S. 109, 116 (2019) (stating that a malicious prosecution claim under common law "accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor" (citations omitted)). Although Plaintiff argues the Magistrate Judge erred because he should have applied a two-year statute of limitations for personal injury, West Virginia law dictates otherwise, and the Magistrate Judge correctly found the Plaintiff's claims are barred by the one-year statute of limitations. Therefore, the Court rejects Plaintiff's argument.[1]

Having found Plaintiff's claims for false arrest and imprisonment or malicious prosecution were filed outside the statute of limitations, the Magistrate Judge recommends the Court decline to exercise supplemental jurisdiction over his Intentional Infliction of Emotional Distress (IIED) claim. *PF&R*, at 16 (quoting *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 31-32 (2025) (stating, when a court dismisses all the claims it had original jurisdiction over, "federal law is not where the real action is" and, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court"

---

[1] Plaintiff insists that probable cause to arrest him did not exist and, therefore, he has stated a plausible claim. As Plaintiff's false arrest and imprisonment or malicious prosecution claims are time barred, the Court does not reach the issue of whether Plaintiff otherwise has stated a plausible claim.

(citation omitted)). Plaintiff objects and argues a jury could find Defendant's conduct was legally outrageous. While the Magistrate Judge mentioned it is unlikely Plaintiff stated a plausible IIED claim, the Magistrate Judge expressly found "the Court need not conclusively resolve that issue because it should not exercise supplemental jurisdiction over Plaintiff's state law IIED claim." *Id*. at 15. The Court agrees with the Magistrate Judge and makes no ruling on the merits of Plaintiff's IIED. Instead, the Court declines to exercise supplemental jurisdiction over the claim as his other claims are dismissed.

Accordingly, upon review, the Court **DENIES** Plaintiff's objections, **ADOPTS AND INCORPORATES** herein the Proposed Findings and Recommendations of the Magistrate Judge, **GRANTS** Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 9), **DISMISSES** the Complaint, and **REMOVES** this matter from the docket of the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:　　July 23, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE